IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0941-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Donald Gene Blanton, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of tampering with physical evidence.[1] Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. His conviction and sentence were affirmed on direct appeal. *Blanton v. State*, No. 05-05-01061-CR, 2006 WL 2036615 (Tex. App.-- Dallas, Jul. 21, 2006, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Blanton*, WR-57,250-04 (Tex. Crim. App. Apr. 23, 2008). Petitioner then filed this action in federal district court.

---

[1] The same jury also convicted petitioner of possession of less than one gram of cocaine and sentenced him to 20 years confinement. Petitioner has filed a separate application for writ of habeas corpus attacking that conviction. *Blanton v. Quarterman*, No. 3-08-CV-1081-O (N.D. Tex., filed Jun. 26, 2008).

II.

In seven grounds for relief, petitioner contends that: (1) he did not knowingly, voluntarily, and intelligently waive his right to counsel; (2) standby counsel was ineffective and had a conflict of interest; (3) he received ineffective assistance of counsel on appeal; (4) his conviction was the result of evidence obtained through an illegal search and seizure; (5) evidence of an extraneous offense was improperly admitted at trial; (6) he was denied due process in connection with the state habeas proceeding; and (7) he is actually innocent.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-23, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

In two related grounds, petitioner contends that he did not knowingly, voluntarily, and intelligently waive his right to counsel and that his former attorney, who was appointed by the trial court to act as standby counsel, was ineffective and had a conflict of interest.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). Implicit in the Sixth Amendment is the correlative right of a criminal defendant to waive the assistance of counsel and represent himself at trial. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); *Myers v. Johnson*, 76 F.3d 1330, 1333 (5th Cir. 1996). Unlike the Sixth Amendment right to counsel, which is in effect until waived, the right to self-representation is not effective until asserted. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982). In order for a defendant to represent himself, he must "knowingly and intelligently" forego counsel, and the request must be "clear and unequivocal." *Id.*, *quoting Faretta*, 95 S.Ct. at 2541. The defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 95 S.Ct. at 2541, *quoting Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268

(1942). While courts are required to provide *Faretta* warnings, there is no "sacrosanct litany" for warning defendants against waiving the right to counsel. *See United States v. Davis*, 269 F.3d 514, 519 (5th Cir. 2001). Instead, courts must use their discretion in determining the precise nature of the warning depending on the circumstances of the particular case. *Id.*

2.

Deborah Beesley, an experienced criminal defense lawyer and former prosecutor, was originally appointed to represent petitioner in this case. Dissatisfied with his appointed counsel, petitioner asked for a new lawyer. His request was denied. Then, on the first day of trial, petitioner announced his intention to represent himself and asked that Beesley remain as standby counsel. The court admonished petitioner:

> All right. Mr. Blanton, let me tell you that I'm going to instruct Ms. Beesley not to do anything that--unless you specifically ask her to.
>
> I also will tell you that we have a Texas Penal Code, which is this book, we have the Rules of Criminal Procedure, this book, we have the Texas Rules of Evidence, which is this book, and you're bound by them just as an attorney would be. It isn't a matter that they're applicable only if you have an attorney, they're applicable even if you don't. You're going to be bound to follow these variety of rules as anybody else would.
>
> And if you make an opening statement to the jury, if it amounts to testimony, if you're saying, well, I didn't do this or--what amounts to your testifying, then you may have waived your Fifth Amendment right not to testify, and be subject to cross-examination and perhaps have evidence of previous crimes admitted. So, if you cross the line into what amounts to testimony, you may have given up your very important constitutional right not to testify.
>
> A lot of people think they can watch a couple of TV shows and they can be their own attorney. It's about like watching a couple of medical shows and thinking they can do a heart transplant. Doesn't work that way. But you do have a right to represent yourself. It's not advisable.

> I also tell you I--the advice I'm giving you now, you should listen to
> your attorney, but once the case--once we get into the case with the
> jury in here, I can't give you advice or help you. And if you get to the
> point where you don't know what to do next and you're saying, well,
> Judge, what can I do, I can't help you.

(SF-III at 4-5). Petitioner indicated that he understood the warnings. (*Id.* at 5). The judge then told petitioner that if he started to question a witness and ran into trouble, he could not ask standby counsel to take over. (*Id.* at 6-7). And when the prosecutor offered that the state would not seek to take advantage of petitioner's lack of legal knowledge, the court was quick to say that petitioner should "assume that the state will take advantage of every misstep you make." (*Id.*).

On this record, there is no basis for petitioner to argue that the trial court's warnings were insufficient. The judge made petitioner aware of the dangers and disadvantages of self-representation by telling him that he might waive his Fifth Amendment rights by giving his own opening statement, that he must follow the rules of evidence and procedure without assistance from the court, that the state would seek to take advantage of his lack of legal knowledge, and that it was not advisable for him to proceed without counsel. The analogy to performing a heart transplant after watching a medical show on television emphasized to petitioner, in plain terms, that a person untrained in the law should not represent himself in a felony criminal trial. Petitioner does not allege, much less prove, that he did not understand these warnings and the consequences of self-representation. Nor does he suggest what additional warnings should have been given. This ground for relief should be overruled. *See United States v. Fulton*, 131 Fed.Appx. 441, 442-43, 2005 WL 1130298 at *1 (5th Cir. May 13, 2005), *cert. denied*, 126 S.Ct. 1020 (2006) (warning that case was "complex," that it was in defendant's "best interest" to continue with appointed counsel, and that defendant would have a "daunting task" if he proceeded *pro se* at trial, held sufficient under *Faretta*).

Having waived his right to counsel under *Faretta*, petitioner cannot argue that his standby counsel was ineffective. There is no federal constitutional right to hybrid representation where a defendant shares the duties of conducting his defense with a lawyer. *See McKaskle v. Wiggins*, 465 U.S. 168, 183, 104 S.Ct. 944, 953-54, 79 L.Ed.2d 122 (1984). Although the court may appoint standby counsel to assist a *pro se* defendant, there is no constitutional right to the effective assistance of such counsel. *See, e.g. Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir.), *cert. denied*, 118 S.Ct. 130 (1997). This is true even where standby counsel takes a limited role in assisting the defendant at trial. As the Second Circuit observed in *Schmidt*:

> As might be expected, a standby counsel's duties are considerably more limited than the obligations of retained or appointed counsel. Although [standby counsel's] role expanded as the case continued, he did not play the same role that defense counsel normally would in preparing the strategy for a criminal defense. Perhaps in a case where standby counsel held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings, we would consider a claim of ineffective assistance of standby counsel. This is not such [a] case. Because [defendant] proceeded *pro se*, she may not now assign blame for her conviction to standby counsel.

*Schmidt*, 105 F.3d at 90 (internal citations omitted).

In this case, petitioner waived his right to counsel and chose to represent himself. During the trial, petitioner gave his own opening statement and cross-examined all but one of the state's witnesses. His standby counsel, Deborah Beesley, picked the jury, cross-examined a crime lab technician, questioned the lone defense witness, and handled closing argument. While Beesley took an active, albeit limited role at trial, she certainly did not hold the title of "standby counsel" in name only. Under these circumstances, petitioner is not entitled to relief for the ineffective assistance of

counsel.[2]

Petitioner's claim that Beesley had a conflict of interest because she previously worked as a prosecutor is also without merit. Other than his conclusory assertion that Beesley retaliated against him for rejecting the state's plea offer, petitioner offers no specific reason why he believes counsel's prior employment created an actual conflict. *See Harris v. Quarterman*, Nos. 3-06-CV-1309-B & 3-06-CV-1449-B, 2008 WL 508665 at *6 (N.D. Tex. Feb. 26, 2008); *Harms v. Quarterman*, No. C-06-00440, 2007 WL 1256616 at *13 (S.D. Tex. Apr. 30, 2007).

C.

Petitioner also complains that his appellate lawyer was ineffective for failing to raise certain issues on direct appeal. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462-63.

---

[2] To the extent petitioner argues that he received ineffective assistance of counsel before invoking his right to self-representation, that claim is unexhausted and procedurally barred from federal habeas review.

Appellate counsel raised four issues in seven grounds for relief: (1) the evidence was legally and factually insufficient to support the conviction; (2) the trial court erred in denying petitioner's request for new counsel; (3) petitioner did not knowingly waive his right to counsel; and (4) the jury charge was defective. Although petitioner alleges that he and his attorney identified some 26 errors that were preserved for appeal, he fails to identify those errors or demonstrate that his conviction would have been reversed had counsel raised those other issues. The only ground for appeal identified with any specificity is the lack of evidence that the bag containing the drugs was ripped or torn. However, as noted by the state habeas court, that very claim was considered and rejected on direct appeal. *Ex parte Blanton*, WR-57,250-04, Tr. at 276, ¶ 33; *see also Blanton*, 2006 WL 2036615 at *2. This ground for relief is without merit and should be overruled.

D.

Next, petitioner contends that his conviction was the result of evidence seized during an illegal traffic stop. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). This rule applies to both unlawful arrest claims and illegal search and seizure claims. *See Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1347 (2006) (citing cases). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that-- an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003).

A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

There is no question that Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues. *See Kendricks v. Quarterman*, No. 3-05-CV-1722-N, 2008 WL 2081549 at *3 (N.D. Tex. May 1, 2008). In fact, such a hearing was held in this case. Before petitioner invoked his right to self-representation, his court-appointed lawyer filed a motion to suppress illegally seized evidence. The motion was denied prior to trial. *See Ex parte Blanton*, WR-57,250-04, Tr. at 274, ¶ 20. Consequently, this claim is barred from federal habeas review.

E.

In a confusing ground for relief, petitioner appears to argue that he was denied a fair trial because the court improperly admitted evidence of an extraneous offense. Respondent counters that this claim is procedurally barred because it was never presented to the Texas Court of Criminal Appeals and any attempt to do so at this juncture would be futile.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982). Under Texas law:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt[.]

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). This statute constitutes an adequate state procedural bar for purposes of federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Although petitioner raised a number of issues on direct appeal and state collateral review, he never complained about the admission of extraneous offense evidence. No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with this claim in a successive habeas petition, would likely find it barred under article 11.07. Petitioner is not entitled to relief on this ground. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

F.

Petitioner's final two claims, challenging various aspects of the state habeas proceeding and protesting his innocence, are patently frivolous. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256

F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). Likewise, a claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). These grounds should be summarily overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 12, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE